UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20cr183

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | ORDER |
| v. | ) | |
| | ) | |
| MARCUS ISAIAH CURRY | ) | |

**THIS MATTER** comes before the Court on the Government's Motion for Preliminary Order of Forfeiture. See (Doc. No. 57). After trial, a jury found Defendant Marcus Isaiah Curry guilty of multiple drug trafficking and firearms charges. The Government seeks the forfeiture of two firearms and $1,801 in Currency seized during the investigation. For the reasons set forth below, the Court **GRANTS** the Government's motion.

I. BACKGROUND

On March 5, 2020, law enforcement seized, inter alia, approximately $1,801 in U.S. currency (the "Currency"), an AK Pistol, and a Taurus 45 caliber handgun (together, the "Firearms") during the execution of a search warrant during the criminal investigation of defendant. The First Superseding Bill of Indictment (Doc. No. 34) contained a notice of forfeiture and finding of probable cause as to the Currency and Firearms.

Defendant elected a jury trial on the criminal charges and the jury returned a guilty verdict on multiple counts, including: Distribution of, and Possession with Intent to Distribute, Crack Cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B) (Counts 2, 3, 4, 6); Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 841(a) and 21 U.S.C. § 841(b)(1)(C) (Count 8); Possession of Firearm in Furtherance of Drug Trafficking in

1

violation of 18 U.S.C. § 924(c) (Count 9); and Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) (Count 10). (Doc. No. 50).

Neither party elected to have the jury determine forfeiture, and the Government moved for the Court to determine forfeiture of the Currency and Firearms. Defendant did not respond to the Government's motion, and it is ripe for adjudication.

## II.   DISCUSSION

Criminal forfeiture is part of a defendant's sentence. See United States v. Martin, 662 F.3d 301, 306 (4th Cir. 2011). The procedure for entering a criminal forfeiture order is set forth in Federal Rule of Criminal Procedure 32.2. Under that rule, the Court "must promptly enter a preliminary order of forfeiture" where it "finds that property is subject to forfeiture." FED. R. CRIM. P. 32.2(b)(2)(A). Rule 32.2 is procedural in nature, so the Court must look to other "applicable statute[s]" to "determine what property is subject to forfeiture." FED. R. CRIM. P. 32.2(b)(1)(A); see, e.g., United States v. Poulin, 690 F. Supp. 2d 415, 421 (E.D. Va. 2010), aff'd, 461 F. App'x 272 (4th Cir. 2012).

Forfeiture is appropriate upon a court finding of a nexus, or connection, between the property and the violations. FED. R. CRIM. P. 32.2(b)(1)(A). In the case of an asset involved in or intended to facilitate a crime, "nexus" means that there is a substantial connection between the property and the crime. See United States v. Herder, 594 F.3d 352, 364 (4th Cir. 2010) (describing substantial connection test used to determine forfeitability of facilitating property). A substantial connection may be established by showing that the use of the property made the crime less difficult or more or less free from obstruction or hindrance. Id. (citing United States v. Schifferli, 895 F.2d 987, 990 (4th Cir. 1990)). The Court's finding may be based on evidence already in the record

and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. FED. R. CRIM. P. 32.2(b)(1)(B).

The burden of proof on forfeiture is preponderance of the evidence. See United States v. Cherry, 330 F.3d 658, 669 (4th Cir. 2003). Further, "traditional rules of evidence do not apply, and courts may consider hearsay and other inadmissible evidence so long as it is sufficiently reliable. See United States v. Lucas, 394 F. Supp. 3d 354, 355–56 (W.D.N.Y. 2019) (citing FED. R. EVID. 1101(d)(3)); United States v. Nicolo, 597 F. Supp. 2d 342, 345 (W.D.N.Y. 2009) ("Deciding a motion for a preliminary order of forfeiture is part of the sentencing process. As such, the rules of evidence that must be followed in criminal trials do not apply to this proceeding.").

18 U.S.C. § 924(d) authorizes the forfeiture of firearms involved in violations of criminal laws of the United States. Based on the evidence at trial, the Court, by a preponderance of the evidence, finds a forfeiture nexus between the Firearms and the counts of conviction. Specifically, Defendant was convicted of possession of a firearm in furtherance of a drug trafficking crime and possession of a firearm by a felon (Counts 8 and 9), and the jury, by special verdict form, specifically found that both Firearms were involved these offenses. See (Gov't Ex. 77–79, 81, 86–89, 91, 93–96, 111, 112, 136–38, 141). Moreover, if possession of a firearm itself is an element of the offense, then it is axiomatic that the firearm possessed has a nexus to that count of conviction and is thus forfeitable. Thus, the Firearms are forfeitable under Section 924(d).

Similarly, the Controlled Substances Act specifies that property subject to forfeiture includes "all moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate any violation of this subchapter." 21 U.S.C. § 881(a)(6). See also 21 U.S.C. § 853(a)(1) and (2) (criminal forfeitures).

3

"Courts use a nexus test to determine whether assets constitute or are derived from proceeds . . . Pursuant to this test, assets are considered proceeds and therefore deemed forfeitable if a person would not have the assets but for the criminal offense. Strict tracing from a particular criminal act to a particular asset is not required if the totality of the circumstances establish that the asset constitutes or is derived from proceeds." United States v. Guess, 3:10CR145-MOC, 2015 WL 1208882, at *2 (W.D.N.C. Mar. 17, 2015) (internal quotations, citations, and alternations omitted).

Defendant was convicted of a multiple counts of drug trafficking, involving a significant amount of cocaine base sold. (special verdicts for Counts 2, 3, 4, 6 finding 28 grams or more, Count 8). The Currency was found in an apartment—from which Defendant sold narcotics—along with both narcotics and the instrumentalities used in narcotics trafficking, such as digital scales, numerous small Ziploc baggies and sandwich baggies, and a vacuum sealer. See (Gov't Exs. 63-135, 170, 190). The Court finds that the Government has established by a preponderance of the evidence that the Currency was either the proceeds of Defendant's drug trafficking or money intended to be used in Defendant's drug trafficking, and therefore subject to forfeiture. See United States v. $148,215.00 in U.S. Currency, 768 F. Supp. 525, 528 (W.D.N.C. 1991) (fact that currency was found throughout apartment along with cocaine and assorted tools of the drug trafficking trade supported substantial connection to drug trafficking and forfeiture); United States v. Alaniz, 148 F.3d 929, 934 (8th Cir. 1998) (where agents seized $2,000 in currency from a ski jacket found in a closet in a safehouse used by drug conspirators, and the money was "folded in a manner consistent with drug trafficking," there was sufficient evidence to support the jury's finding that the money was drug proceeds).

4

### III. ORDER

**IT IS, THEREFORE, ORDERED** that the Government's Motion for Preliminary Order of Forfeiture, Doc. No. 57, is **GRANTED**, as follows:

1. Based on the trial evidence and Defendant's convictions, the United States is authorized to take and maintain possession of the following property, and that property is hereby preliminarily forfeited to the United States for disposition according to law, provided that such forfeiture is subject to any third-party claims and interests, pending final adjudication:

    - $1,801 in U.S. currency;

    - One Century Arms, model RAS47, 762 caliber pistol, serial number RAS47P001834 and ammunition; and

    - One Taurus, 45 caliber revolver, serial number JO893764 and ammunition, all seized on March 5, 2020.

2. Pursuant to 21 U.S.C. § 853(n)(1) and Federal Rule of Criminal Procedure 32.2(b)(6), the Government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture. If no third party files a petition within the time provided by law, then this Order shall become final by operation of law.

4. The Court retains jurisdiction to enforce this Order, and to amend it if necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**SO ORDERED.**

Signed: December 1, 2021

Max O. Cogburn Jr
United States District Judge